UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDNA DURANT,

        Plaintiff,                        Civil Action No. C-1-02-419

    vs.

                                              Sherman, M.J. (Consent Case)
SUMMIT BEHAVIORAL                 (formerly assigned to Dlott, J.)
HEALTHCARE SYSTEM,

        Defendant.


**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SUPPLEMENT ITS MOTION FOR SUMMARY JUDGMENT WITH AN ORIGINAL AFFIDAVIT OF DANNY MOLES (Doc. 29); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 27); AND (3) DISMISSING THIS CASE FROM THE ACTIVE DOCKET OF THE COURT**

Plaintiff, Edna Durant, initiated this action on May 21, 2002, by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5 alleging employment discrimination based on gender. (Doc. 2). The parties have consented to final disposition by the magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 8, 9).

### I. BACKGROUND

Plaintiff alleges that she was employed by defendant, Summit Behavioral Healthcare System ("defendant" or "SBH"), a state-operated psychiatric institution, for approximately thirty years. Her most recent assignment was as a maintenance repair worker. In her complaint, plaintiff alleges that during the years 2000 to 2002 her supervisor at SBH was not

fair or equal in granting promotions, that he initiated investigations into her job performance without just cause, and that her male co-workers were not subjected to such treatment. (*See* Doc. 2, ¶ IV).  In an amendment to the complaint, plaintiff alleges that on September 11, 2002, a written reprimand was given to her and that there appeared to be no legitimate reasons for such action to be taken against her.  (*See* Doc. 11).  Plaintiff states that she was the only woman employed by SBH as a maintenance repair worker.

On May 29, 2003, defendant filed a motion for summary judgment.  (Doc. 27). Defendant contends that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because plaintiff is unable to make out a prima facie case of discrimination.  In partial support of the motion for summary judgment, defendant submitted a copy of an affidavit by Danny Moles, the operations administrator at SBH and plaintiff's supervisor.  (*See* Doc. 27, Ex. A).  Defendant now seeks to supplement its summary judgment motion with the original Moles affidavit.  (*See* Doc. 29).

On July 28, 2003, plaintiff filed a response to the motion for summary judgment. (Doc. 35).  In her response, plaintiff asserts that her complaint concerns claims only of gender-based discrimination (and does not include claims of race-based discrimination, as addressed by defendant in the motion for summary judgment).  Plaintiff states that "my case, my complaints are not base[d] on my skin, color, or my race." (*Id.*)  Plaintiff then provides a point-by-point rebuttal of defendant's arguments and Moles's affidavit.

The undisputed facts reveal that Moles took over as operations administrator at SBH in July 1999.  (*See* Doc. 27, Ex. A).  It was at about this time that the events began to occur

which form the basis of plaintiff's discrimination claims.

On November 3, 1999, Moles issued a written reprimand for neglect of duty alleging that plaintiff caused damage to a state vehicle when the vehicle she was driving struck a building. (Doc. 27, Ex. A, Att. 5). On December 8, 1999, Moles issued a reprimand alleging that plaintiff did not follow a policy to provide advance notice of an absence due to a scheduled medical appointment. (*Id.,* Att. 6). On December 15, 2000, Moles filed a charge with SBH security officers alleging theft of files. (*See* Doc. 26, Ex. 1A). When plaintiff was questioned by the investigating officer, she allegedly began to use threatening and obscene language when referring to Moles. (*See id.*) On March 8, 2001, following a pre-disciplinary conference, plaintiff received a verbal reprimand for Failure of Good Behavior based on her "inappropriate and disrespectful remarks" to the investigating officer. (Doc. 27, Ex. A, Att. 7). On September 12, 2002, plaintiff received a written reprimand for allegedly failing to carry out a work assignment. (*Id.,* Att . 8).

Plaintiff suffered no loss of pay or benefits as a consequence of any of the disciplinary actions. (*See id.,* Ex. A, ¶ 16; Deposition of Edna Durant ("Depo."), pp. 53, 61, 63-64, 65).

In April 1999, while employed as a maintenance repair worker-1 ("MRW-1"), plaintiff applied for a position as maintenance repair worker-2 ("MRW-2"). Plaintiff's application was denied, and the job was given to a male co-worker, Hal Griffin. (*See* Depo., p. 23). On July 2, 1999, plaintiff filed a labor union grievance alleging gender discrimination. (*See* Doc. 26, Ex. 6). While the grievance was pending, a second MRW-2 position was announced for which plaintiff also applied. (*See* Depo., p. 28). On April 10,

2000, plaintiff's union grievance was settled. (Doc. 27, Ex. B). As a result of the settlement, plaintiff was promoted to MRW-2 and awarded back pay. (*Id.*)

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (citing *Patterson v. General Motors Corp.,* 631 F.2d 476, 482 (7th Cir. 1980), *cert.*

*denied,* 451 U.S. 914 (1981)).

The Court's function is not to weigh the evidence and determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial. *Anderson,* 477 U.S. at 249. The inquiry is whether the evidence presents a sufficient disagreement over the facts to require submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52.

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson,* 477 U.S. at 250; *Guarino,* 980 F.2d at 404-05.

### III. DISCUSSION

A discrimination claim under Title VII may be based on disparate treatment, which occurs "when an employer treats some employees less favorably than others because of race, religion, sex, or the like." *See Huguley v. General Motors Corp.,* 52 F.3d 1364, 1370 (6th Cir. 1995) (citing *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335-36 n.15 (1977)). A discrimination claim based on disparate treatment requires proof of discriminatory motive. *Huguley,* 52 F.3d at 1370.

In order to prevail on her claim, plaintiff bears the initial burden of establishing a

prima facie case of discrimination by a preponderance of the evidence. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Simon v. City of Youngstown,* 73 F.3d 68, 70 (6th Cir. 1996). In order to make this showing, in the absence of direct evidence of discrimination, plaintiff must demonstrate: (1) that she was in a protected class; (2) that she was qualified for the job that she held during the time in question; (3) that she suffered an adverse employment action; and (4) that she was treated differently than similarly-situated individuals who were not members of her protected class. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp.*, 411 U.S. at 802-03.

If plaintiff make this showing, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *Burdine,* 450 U.S. at 253. If defendant is able to meet this burden, plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by defendant were a pretext for discrimination. *Id.* The ultimate burden of persuading the trier of fact that defendant intentionally discriminated against plaintiff remains at all times with plaintiff. *See id.*

The parties do not dispute that plaintiff is a member of a protected class or that she was qualified for her position as a maintenance repair worker. However, plaintiff has not met her burden of showing prima facie discrimination because she has not shown that she suffered an adverse employment action for the purposes of Title VII. Thus, defendant is entitled to judgment as a matter of law.

To sufficiently allege an adverse employment action, plaintiff must show a "materially adverse change in the terms of ... employment, [such as] termination of employment, a

demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." *Kocsis v. Multi-Care Mgmt, Inc.,* 97 F.3d 876, 885-86 (6th Cir. 1996) (internal quotation marks and citations omitted). In support of her claim of gender discrimination, plaintiff alleged that she was denied a promotion, that she was unfairly reprimanded, that she received low performance evaluations, and that she was denied training or "continuing education." Her allegations are insufficient to show an adverse employment action because the alleged treatment did not result in a materially adverse change in the terms of her employment.

### A.

Plaintiff alleges first that her supervisor at SBH was not fair or equal in granting promotions. It is undisputed however that plaintiff ultimately received the promotion for which she applied, as well as retroactive pay. Even when construed in a light favorable to plaintiff, the facts alleged by plaintiff establish only a delay in promotion.

The Sixth Circuit holds that a delay in promotion is not an adverse employment action under Title VII. *See Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). The Sixth Circuit reached this conclusion even where a promotion was granted only after the employee, like plaintiff, resorted to a grievance procedure. *Id.; see also Benningfield v. City of Houston,* 157 F.3d 369, 378 (5th Cir. 1998), *cert. denied,* 526 U.S. 1065 (1999) (delay of employee's promotion did not constitute "adverse employment action" where employee ultimately received the promotion with retroactive pay).

## B.

Plaintiff alleges next that her supervisor initiated investigations into her job performance without just cause and that there appeared to be no legitimate reasons for a written reprimand issued to her in September 2002. During her deposition and in her response to the motion for summary judgment, plaintiff further protested that she had received unfair performance evaluations. Her allegations are unavailing.

Unfair reprimands or negative performance evaluations, unless accompanied by some tangible job consequence, do not constitute adverse employment actions. *See Haywood v. Lucent Techs., Inc.,* 323 F.3d 524, 532 (7th Cir. 2003); *Krause v. City of LaCrosse,* 246 F.3d 995, 1000 (7th Cir. 2001). *See also Howard v. Board of Educ.,* No. 01-6433, 2003 WL 21518725, *7 (6th Cir. July 1, 2003) (citing *Krause*, 246 F.3d at 1000). Plaintiff admitted that she suffered no loss of pay or benefits as a consequence of any disciplinary action. (*See* Depo. pp. 53, 61, 63-64, 65).

Moreover, she has not alleged that she received a demotion or salary reduction as a result of the evaluations. Although she alleged that the evaluations were "disrespectful" and "insulting" (*see* Depo., p. 124, 129), such subjective reactions, however genuine, are insufficient to establish an adverse employment action. *See West v. Marion Merrill Dow, Inc.* 54 F.3d 493, 498 (8th Cir. 1995). *See also Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996) ("mere unhappiness and inconvenience are not actionable under Title VII").

## C.

Third, plaintiff's contention that she was denied training or continuing education does

not establish an adverse employment action under Title VII.  Although a discriminatory denial of job-related training can constitute an adverse employment action, *see Pafford v. Herman,* 148 F.3d 658, 667 (7th Cir.), *cert. denied,* 525 U.S. 1020 (1998), plaintiff is required to present evidence to show that the alleged denial of training was materially adverse.  *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 4066-07 (5th Cir. 1999).  *See also Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 708 (5th Cir.), *cert. denied,* 522 U.S. 932 (1997); *Smart,* 89 F.3d at 442.  Plaintiff has not presented any evidence to support her claim.

## IV.  CONCLUSION

The Court concludes that defendant is entitled to judgment as a matter of law on plaintiff's claim of gender discrimination in violation of Title VII.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's motion to supplement its motion for summary judgment with an original affidavit of Danny Moles (Doc. 29 ) is **GRANTED**;

2. Defendant's motion for summary judgment (Doc. 27) is **GRANTED**; and

3. This case is **CLOSED** and **STRICKEN** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                s/Jack Sherman, Jr.
                                                Jack Sherman, Jr.
                                                United States Magistrate Judge

P:\JS\LAW CLERK filings\1-02cv419 order.wpd

Case 1:02-cv-00419-SMN     Document 36     Filed 10/03/2003     Page 10 of 10