INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # D2-419

No. 03-4328

**FILED**
FEB 1 5 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

05 FEB 16 PM 3:14  LEONARD GREEN, Clerk

| | |
|---|---|
| EDNA DURANT, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SUMMIT BEHAVIORAL HEALTHCARE ) | NOT RECOMMENDED FOR FULL-TEXT PUBLICATION |
| CENTER, ) | Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. |
| ) | |
| Defendant-Appellee. ) | This notice is to be prominently displayed if this decision is reproduced. |
| ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges; O'KELLEY, District Judge.*

Edna Durant, a pro se Ohio litigant, appeals a district court judgment dismissing her employment discrimination complaint filed under 42 U.S.C. § 2000e-5 (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Durant sued her employer alleging employment discrimination based on gender. Durant claimed that she was unfairly denied a promotion, that her job performance was investigated without just cause, that she was reprimanded without legitimate reasons, and that she was denied training opportunities. The district court found that Durant had failed to meet her burden of proving a prima facie case of discrimination because she failed to show that she suffered an adverse employment action for the purposes of Title VII. Consequently, the district court granted defendant's motion for summary judgment and certified that any in forma pauperis appeal from the dismissal of the action would be frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Durant moved for pauper status on appeal, but this court denied that motion because an appeal would have been frivolous for the reasons set forth by the district court. *See Neitzke v.*

---

*The Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

*Williams*, 490 U.S. 319, 325 (1989). Durant paid the filing fee and reasserted on appeal the claims asserted in the district court.

This court reviews de novo the district court's award of summary judgment on Durant's discrimination claims. *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court considers all facts and inferences drawn therefrom in the light most favorable to Durant, the nonmoving party. *Talley*, 61 F.3d at 1245.

Because she has no direct evidence of discrimination, Durant bears the initial burden of establishing a prima facie case of gender discrimination. *Id.* In order to establish a prima facie case of discrimination, a plaintiff must show, among other things, that she suffered an adverse employment action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). In this case, it is undisputed that Durant filed a grievance through the process provided by the parties' collective bargaining agreement. Durant settled her grievance, received the sought-after promotion as well as retroactive pay, and waived her right to further complain about the delayed promotion. Unfair reprimands or negative performance evaluations, unless accompanied by some tangible job consequence, do not constitute adverse employment actions, *see Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998); *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797-98 & n.3 (6th Cir. 2004) (en banc), and Durant suffered no such tangible job consequence. Finally, Durant has not presented any evidence to support her claim that the alleged discriminatory denial of training was materially adverse.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 532
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
www.ca6.uscourts.gov

Filed: February 15, 2005

Edna Durant
3645 Brooks Avenue
Cincinnati, OH 45207

Joseph N. Rosenthal
150 E. Gay Street
22nd Floor
Columbus, OH 43215

RE: 03-4328
Durant vs. Summit Behavioral
District Court No. 02-00419

Enclosed is a copy of an order which was entered today in the above-styled case.

Robin Duncan
Case Manager

Enclosure

cc:
Honorable Jack Sherman
Mr. James A. Bonini